# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES, | ) | Case No.: 6:21-cr-00011-RCJ |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | Order |
| THOMAS MURPHY, | ) ) ) | |
| Defendants. | ) ) | |

The Court upon its own motion hereby orders a hearing to determine whether Defendant is competent to stand trial. A court should "order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). The Court further orders "that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)." § 4241(b).

The Ninth Circuit has found there to be such reasonable cause, where there is a "bona fide doubt" at to the defendant's competence to stand trial. *Maxwell v. Roe*, 606 F.3d 561, 568 (9th Cir. 2010). "[T]he test for such a bona fide doubt is 'whether a reasonable judge . . . should have

experienced doubt with respect to competency to stand trial.'" *Id.* (quoting *de Kaplany v. Enomoto*, 540 F.2d 975, 983 (9th Cir. 1976) (en banc). "[E]vidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant in determining whether further inquiry is required," and "one of these factors standing alone may, in some circumstances, be sufficient." *Drope v. Missouri*, 420 U.S. 162, 180 (1975).

There is bona fide doubt as to whether Defendant is competent to stand trial in this case. On July 17, 2018, Magistrate Judge Jolie A. Russo found Defendant to be incompetent in another case. (Order, *United States v. Murphy*, 6:19-cr-00530-AA, ECF No. 19.) Defendant was only found to be competent on October 1, 2019 after a year of treatment. (Order, *United States v. Murphy*, 6:19-cr-00530-AA, ECF No. 40.) That case was ultimately dismissed on June 11, 2020 without further consideration of competence. (*See* Order, *United States v. Murphy*, 6:19-cr-00530-AA, ECF No. 121.) In addition to being previously found to be incompetent, Defendant's actions in these proceedings also raise concerns about Defendant's competence. For example, in his initial appearance, Defendant frequently interrupted the judge to make odd comments referring to himself in the third-person as "Tommy Death" and threatening the people in the courtroom, such as:

> You guys are the dangers. Like, I'm just not going to have this shit. Like, if you guys want to just do it and let me fucking have my release, and I'll come back with a court date where all the rapists I've been watching you let go like that or what? You want me to be your rape slave or your servant? That's not going to happen, mother-fucking, cock-sucking Tommy Death. I've got too many mother fuckers on you little bitches. I got your kids.

(ECF No. 59 at 10.) Similar statements can be found in Defendant's pro se filings, for instance:

> And I could very well ask God to make you all my slaves and servants, which is your true desire, and for war and terrorisms, but instead, that I have you all, instead I give you back to the lord, the lord itself, for a time of peasantry and farming has come upon us, like a day turns into night, and a book is folded into two, only to someday be opened again, that there shall be peace during the day, and tranquility in the night.

(ECF No. 57 at 6.)

1  Based on the finding that there is reasonable cause to believe that the Defendant is not
2  competent to stand trial, the Court orders a psychiatric examination and report pursuant to 18
3  U.S.C. § 4241(b) and a competency hearing pursuant to 18 U.S.C. § 4241(a). The Court further
4  denies Defendant's motion to proceed pro se until the Court has held the competency hearing. A
5  defendant cannot waive a constitutional right unless the Court deems such a waiver to be
6  "competent and intelligent," including the right to proceed pro se. *Faretta v. California*, 422 U.S.
7  806, 835 (1975). Courts utilize the same test for determining whether a defendant is competent to
8  stand trial as for determining whether a defendant is competent to waive a constitutional right.
9  *Godinez v. Moran*, 509 U.S. 389, 397 (1993); *United States v. Arlt*, 41 F.3d 516, 518 (9th Cir.
10 1994) ("[If a defendant is] competent to stand trial, he [is] competent to choose to proceed pro
11 se."). Furthermore, for competency hearings, 18 U.S.C. § 4247(d) requires that "the person whose
12 mental condition is the subject of the hearing *shall* be represented by counsel . . . ." (emphasis
13 added).
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///

**CONCLUSION**

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. § 424l(b), a psychiatric or psychological examination of defendant be conducted by a licensed or certified psychiatrist or psychologist, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of 18 U.S.C. § 4247(b) and (c).

IT IS FURTHER ORDERED that a Competency Hearing is set for 10:00A.M., Wednesday, March 24, 2021, before Judge Robert C. Jones.

IT IS FURTHER ORDERED that Motion for Self-Representation (ECF No. 64) is DENIED.

IT IS SO ORDERED.

Dated February 24, 2021.

_____
ROBERT C. JONES
United States District Judge