# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>vs.<br><br>THOMAS ROBERT MURPHY,<br><br>    Defendant. | Case No. 6:21-cr-00011-RCJ<br><br>**ORDER** |

Before this Court are the following motions:

- "Motion for Joinder, Motion to Produce" by Defendant (ECF No. 73),
- "Motion Requesting Appointment of Private Investigator" by Defendant (ECF No. 86),
- "Motion for Release from Custody and Motion for Reconsideration of Defendant's Most Recent Denial of Release" by Defendant (ECF No. 89),
- "Motion to Dismiss the Indictment" by Defendant (ECF No. 98),
- "Motion to Impeach Witness Joe Huynh" by Defendant (ECF No. 99),
- "Motion for Relief from Prejudicial Joinder" by Defendant (ECF No. 100), and
- "Motion for Witnesses" by Defendant (ECF No. 102).

The Court will address each of these motions in turn.

## I.  *Motion for Joinder, Motion to Produce*

Defendant filed the motion titled "Motion for Joinder, Motion to Produce" pro se, while he was represented by counsel. "A criminal defendant does not have an absolute right to both self-

representation *and* the assistance of counsel. . . . The decision to allow such hybrid representation is within the sound discretion of the judge." *United States v. Bergman*, 813 F.2d 1027, 1030 (9th Cir. 1987) (citing *United States v. Halbert*, 640 F.2d 1000, 1009 (9th Cir. 1981)). The Court therefore finds it proper to deny this motion without prejudice and to grant Defendant leave to refile at a later date. *See, e.g.*, *United States v. Durant*, No. 3:16-CR-00207-MO-1, 2019 WL 4246687, at *4 (D. Or. Sept. 6, 2019) (declining to consider a criminal defendant's pro se arguments because he was represented by counsel).

## II. *Motion Requesting Appointment of Private Investigator*

In his motion titled, "Motion Requesting Appointment of Private Investigator," Defendant requests that this Court appoint an investigator to probe the following: unspecified "court settlements" of the alleged victims; the backgrounds of the alleged victims, including their employment history, criminal history, and their "swearing in" as government employees; and "other findings of fact." (ECF No. 86.)

Courts may "furnish[] representation for any person financially unable to obtain adequate representation." 18 U.S.C. § 3006A(a). Such representation may include an appointment of someone to assist a criminal defendant with "investigative . . . services." *Id.* A *pro se* criminal defendant does not have an automatic entitlement to the appointment of an investigator to assist in the defense of pending criminal charges and must demonstrate with specificity the reasons why such services are required. *United States v. Valtierra*, 467 F.2d 125, 126 (9th Cir. 1972). A district court must authorize the provision of investigative services under § 3006A(e)(1) where "reasonably competent counsel would have required the assistance of the requested expert for a paying client." *United States v. Rodriguez–Lara*, 421 F.3d 932, 940 (9th Cir. 2005) (citation omitted), *overruled on other grounds by United States v. Hernandez-Estrada*, 749 F.3d 1154 (9th Cir. 2014).

The Court denies this motion because Defendant failed to show how any of the specific information that he seeks is necessary. Defendants does not provide any information regarding the alleged "court settlements," let alone how they would be necessary for him to prepare his defense. Similarly, Defendant seeks extensive background checks of each alleged victim, and the only identified reason in his motion for these investigations is so that he could question whether "Adult Victim 8," who presided over Defendant's initial appearance in this case, is indeed a federal judge. While whether "Adult Victim 8" is a federal judge is pertinent to the elements of Count 2 of the indictment, "Influencing Federal Official by Threatening Family Member," Defendant provides no grounds for questioning this fact. The Court accordingly finds that Defendant has failed to identify any specific need for an investigator in this case.

### III. Motion for Release from Custody and Motion for Reconsideration of Defendant's Most Recent Denial of Release

Defendant requests that this Court reconsider its order that Defendant be detained pending trial. Defendant has however filed an appeal challenging this determination. Defendant's filing of the notice of interlocutory appeal for the order of detention conferred jurisdiction to the Ninth Circuit on the issue of detention. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001) ("[T]he filing of a notice of interlocutory appeal divests the district court of jurisdiction over the particular issues involved in that appeal."); *see, e.g.*, *United States v. Murrietta*, No. CR 20-218, 2021 WL 322181, at *1 (W.D. Pa. Feb. 1, 2021) ("Given Defendant's appeal of the detention order, this Court presently lacks jurisdiction over at least that aspect of her case."). The Court therefore denies this motion for lack of jurisdiction.

### IV. Motion to Dismiss the Indictment

Defendant moves to dismiss the Superseding Indictment (ECF Nos. 61, 62) on the basis that the Government insufficiently alleges the mens rea requirements for the crimes. This is

incorrect. For Count I, the Government alleges that Defendant "did *knowingly and willfully* transmit in interstate commerce, a communication, to AV1, and the communication contained threats." (ECF No. 61 at 1.) While a level of mens rea greater than negligence is required to prove a violation of 18 U.S.C. § 875(c), *Elonis v. United States*, 575 U.S. 723, 740–41 (2015), this element may be inferred from the facts alleged, *see United States v. Awad*, 551 F.3d 930. 935–36 (9th Cir. 2009) (holding that mens rea could be inferred from the facts alleged in the indictment). For example, one of the alleged statements contained in the indictment states, "I'm going to saw your faces off and rape you to death in front of these police." It is reasonable to infer that Defendant knew that such a statement would be perceived as a threat. As such, this Count is sufficiently alleged.

In Count II, the Government alleges that Defendant "did threaten to assault and murder a member of the immediate family of AV8, a United States District Court Judge . . . *with intent* to impede, intimidate, and interfere with AV8 while AV8 was engaged in the performance of AV8's official duties." (ECF No. 61 at 2.) Defendant may be arguing that the Government did not specify a level of intent as to whether the statements would be perceived as threats. But again, this can be inferred from the alleged facts. According to the Superseding Indictment, Defendant stated, for example, "I'm going to kill your kids, dude." That Defendant knew this statement would be perceived as a threat is a reasonable inference. The Court therefore denies this motion.

### V. *Motion to Impeach Witness Joe Huynh*

In this motion, Defendant seeks a hearing to impeach a witness, Joe Huynh. Defendant cites to Fed. R. Evid. 607, 608. However, Defendant cites to no authority for holding a hearing merely to determine whether a witness was truthful in the investigation of Defendant. Rules 607 and 608 do not provide for such a hearing. *See* Fed. R. Evid. 1101. The Court therefore denies this motion.

1  **VI.   Motion for Relief from Prejudicial Joinder**

2  Defendant requests that the Court hold separate trials for each count in the Superseding

3  Indictment vaguely claiming that failure to bifurcate the trial would result in unfair prejudice under

4  Fed. R. Crim. P. 14(a). The Court disagrees. Severance of cases under Fed. R. Crim. P. 14(a) is

5  committed to the discretion of the trial court. *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

6  Such relief may be proper "only if there is a serious risk that a joint trial would compromise a

7  specific trial right . . . , or prevent the jury from making a reliable judgment about guilt or

8  innocence." *Id.* Defendant presents no such risk, so the Court denies this motion.

9  **VII.   Motion for Witnesses**

10  In this filing, Defendant notifies the Court that he intends to call three people as witnesses:

11  Judith Harper, Adam Delph, and Hermanson and he requests that the Court "make these witnesses

12  available to his investigator." (ECF No. 102.) As the Court denies his motion for an investigator,

13  (ECF No. 86) the Court denies this motion as well.

14  ///
15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///

## CONCLUSION

IT IS HEREBY ORDERED that Motion for Joinder, Motion to Produce (ECF No. 73) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED Motion Requesting Appointment of Private Investigator (ECF No. 86) is DENIED.

IT IS FURTHER ORDERED Motion for Release from Custody (ECF No. 89) is DENIED.

IT IS FURTHER ORDERED Motion to Dismiss (ECF No. 98) is DENIED.

IT IS FURTHER ORDERED Motion to Impeach (ECF No. 99) is DENIED.

IT IS FURTHER ORDERED Motion for Relief from Prejudicial Joinder (ECF No. 100) is DENIED.

IT IS FURTHER ORDERED Motion to Subpoena Witnesses (ECF No. 102) is DENIED.

IT IS SO ORDERED.

Dated April 28, 2021.

_____
ROBERT C. JONES
United States District Judge